Oscar W. JONES, Petitioner—Appellant,

v.

ATTORNEY GENERAL OF the State of CALIFORNIA; et al., Respondents—Appellees.

No. 07–15258.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Oscar W. Jones, Coalinga, CA, pro se.

Angelo Sipin Edralin, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Oscar W. Jones appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

commitment as a sexually violent predator. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Jones's February 2, 2008, and April 28, 2008, motions for judicial notice are granted.

 Jones contends that the state court lacked jurisdiction under California Welfare and Institutions Code § 6601 because the commitment proceedings were initiated when he was neither serving a determinate sentence nor in custody following the revocation of parole. Whether the court lacked jurisdiction is a matter of state law that has been resolved against Jones in state court. This court is bound by a state court's interpretation of state law. *See Hubbart v. Knapp,* 379 F.3d 773, 779–80 (9th Cir.2004). Although Jones contends that his due process rights were violated by the alleged lack of jurisdiction, he cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996).

 Jones also contends that his first attorney was constitutionally ineffective because the attorney misrepresented Jones's parole status. To prevail on an ineffective assistance of counsel claim, Jones must prove both deficient performance and prejudice. *See Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Jones's second attorney corrected the misrepresentation, and it is clear from the record that the trial court was aware of the correct information, Jones cannot show prejudice and is not entitled to habeas relief. *See id.*

Accordingly, we conclude that the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.